**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DARRYL WEBSTER,

      Plaintiff,

    v.

CITY OF SOUTH FULTON,
MARLON QUINN,

      Defendants.

Civil Action File No.:

**JURY TRIAL DEMANDED**

## COMPLAINT

1.    Darryl Webster got a call from family that police were executing a search warrant at the South Fulton home where his cousin, his cousin's partner, and their young children lived. Webster was told that the parents of the children were being arrested. Webster said he could come by to pick up the kids. He drove from his home in Smyrna to the South Fulton home where some of his family members lived. When he got there, instead, he was arrested.

2.    Later that day, Defendant Marlon Quinn took out warrants against Webster, alleging that he trafficked in methamphetamine, EW-0364423; trafficked in marijuana, EW-0364424; possessed drug related objects, EW-0364425; trafficked in THC oil, EW-0364426; and sold ecstasy, EW-0364427.

3.    The warrants listed in great detail what was found at the home, and all of the evidence that showed that a man named Corey Varner (who was Webster's cousin) was connected to the contraband found in the home.

4.    But the only allegation against Webster in the warrant affidavit was that he was "identified to be selling or aiding in the operation of a drug house."

5.    That allegation was false, and Quinn knew it.

6.    Quinn knew that he had no information that Webster sold or aided in the sale of drugs.

7.    Quinn knew that Webster only showed up to the home that day to pick up children when their parents were being arrested.

8.    Quinn failed to tell the magistrate the wholly exculpatory facts he knew about Webster only showing up to take care of children after receiving a phone call.

9.    Webster was not found with any drugs because he was not involved in drugs. But Quinn falsely swore to the opposite—that he possessed and was involved in trafficking drugs.

10.    Quinn did not tell the magistrate the reason Webster was at the home was to pick up the kids because of the arrests.

11.    All charges against Webster were finally dismissed on February 10, 2025.

12.     The basis of the purported identification of Webster is conspicuously absent from the warrant affidavit. Quinn knew there was no evidence connecting Webster to drug possession or sales.

13.     Webster's attorneys sent many open records requests to the City of South Fulton for documents about the basis of the criminal case and the charges against Webster.

14.     The City of South Fulton's response was not to provide the records in their possession, but to lie and obfuscate.

15.     In one response, they stated "The City of South Fulton has reviewed its files and has determined there are no responsive documents to your request." That was not true. And it didn't stop there.

16.     In another response, the City provided some video footage. But the video was from a different day, at a different place, involving different people than what Webster asked for. When Webster's counsel pointed this out, they were ignored.

17.     This action is Darryl Webster's effort to seek justice and accountability for his wrongful prosecution so that he can compensated for the wrongs he suffered and so that the wrongdoers are deterred from future misconduct. Webster brings state and federal claims against Quinn and claims for violations of the Open Records Act against the City of South Fulton.

## JURISDICTION AND VENUE

18.    This is a civil and constitutional rights action arising under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  This Court has jurisdiction of federal claims under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction of pendent state law claims under 28 U.S.C. § 1337.

19.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims arose in this district and division.

## PARTIES

8.    Plaintiff Darryl Webster is a United States citizen and resident of Cobb County, Georgia.

9.    Defendant Marlon Quinn is sued in his individual capacity. At all times relevant to this complaint, Quinn acted under the color of law and within the scope of his employment for the South Fulton Police Department.

10.    Defendant City of South Fulton is a Georgia municipality subject to suit under the Georgia Open Records Act.

## FACTS

11.    In the early hours of May 13, 2022, various South Fulton Police Department officers led the execution of a search warrant at the house of Corey Varner, who was the target of a drug investigation.

-4-

12. At the time, Plaintiff was at his home in Smyrna, Georgia.

13. Plaintiff was informed that there were people being arrested and asked if he could come to pick up the children that lived there.

14. Plaintiff, concerned for the well-being of his younger extended family members, traveled to the home.

15. Upon arriving, Plaintiff was quickly arrested.

16. Plaintiff had no contraband on him.

17. There was no evidence connecting him to the contraband inside the home, other than that he was cousin to Varner and had showed up to gather and protect the children in the home.

18. Quinn took out warrants for Varner that day.

19. The five arrest warrants contained no evidence to support Plaintiff's involvement with any of the charges. Quinn's affidavit only mentioned that "during the course of investigation, three subjects were identified to be selling or aiding in the operation of a drug house." The Plaintiff was listed as one of these three "subjects."

20. This was an intentional misstatement by Quinn, because no one had "identified" Webster as someone connected to drug sales because there was no connection.

21. No other evidence in the warrant was offered for Webster's supposed connection to the alleged crimes.

22.     The sole fact alleged against Webster was not only false, but wholly conclusory. *Cf.* *Luke v. Gulley*, 50 F.4th 90, 96 (11th Cir. 2022) ("The detective's affidavit is skeletal, consisting of a conclusory allegation that Luke killed Lewis by 'sho[oting] at the truck Lewis was driving' 'based on the [detective]'s Investigation, and eye witness verbal statements.' The affidavit is devoid of relevant and reliable facts from which one could infer that Luke murdered Lewis.").

23.     Prior to the execution of the search warrant, Quinn was investigating Mr. Varner as a drug dealer. At no point in any prior report was Plaintiff's name mentioned or included as a potential suspect or person of interest.

24.     On May 14, 2022, based on Quinn's false affidavits, Plaintiff was held pretrial without bail, indefinitely confining him without any inculpatory evidence to support his incarceration.

25.     He was detained for an extended period of time before he was able to get bail.

26.     Plaintiff retained criminal defense counsel to contest these charges and maintain his innocence.

27.     Eventually, prosecutors, realizing there was never any inculpatory evidence that linked Plaintiff with the charges at any point,

-6-

proposed and submitted an order of *nolle prosequi* in case no. 24SC004531.

The order of *nolle prosequi* was granted on February 10, 2025.

28.    Plaintiff maintained his innocence throughout, and there was never any basis whatsoever to arrest him in the first place.

### Open Records Act Violations

29.    South Fulton repeatedly failed to provide required records that Plaintiff's counsel requested under the Open Records Act.

30.    Instead, South Fulton obstructed and obfuscated. Among the falsehoods that South Fulton provided in response to the records requests were:

a.    They said they were not the custodian of the arrest warrant: "You would need to request those arrest records from Fulton County Police Dept." But the Fulton Police Department was not involved. The arrest warrant was authored by Quinn, a South Fulton officer.

b.    They instructed Plaintiff to file a motion with the Fulton DA's office to obtain video, but the DA's office said South Fulton never provided them with any video. When confronted with what the DA's office said, South Fulton ignored repeated emails.

c.    They said, "The individual you mentioned [Webster] does not have any incidents in our system corresponding to the date you allege the incident occurred."

d.    They said, "The case has not yet been adjudicated, so please proceed by filing a motion of discovery with the Fulton County District Attorney's Office." But Webster's charges had been dismissed at that time. When confronted with the nolle pros, they ignored.

e.   In response to another request for records, they asked for three extensions before (falsely) stating, "The City of South Fulton has reviewed its files and has determined there are no responsive documents to your request."

31.   In the end, the only report South Fulton provided was an incident report that contained only two words for a narrative: "Ongoing investigation."

## COUNT I
### *Illegal Seizure under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments*

32.   Plaintiff was arrested pursuant to baseless information supplied by Quinn to a magistrate, despite the total lack of evidence connecting Plaintiff to drug possession or sales.

33.   Quinn intentionally or recklessly ignored the clear evidence of Plaintiff's innocence and unlawfully caused Plaintiff to be arrested and jailed for a crime he did not commit.

34.   Quinn failed to provide material information that he knew showed Plaintiff's actual innocence, including facts about Plaintiff's location, the lack of evidence of culpability and the lack of evidence of motive.

35.   At no point did any evidence exist that approached probable cause for Plaintiff's arrest.

36.   Quinn failed to conduct a reasonable investigation prior to supplying the Court with false information including, among other deficiencies, failing to find any evidence of his involvement.

37.   Quinn knew his false and reckless actions would result in Plaintiff's incarceration.

38.   Quinn's actions were the proximate cause of Plaintiff's warrant, arrest, and incarceration.

39.   Prior to his arrest, Plaintiff had not committed any offense or violated any rule or regulation that would authorize his arrest.

40.   Quinn knowingly and willfully acted in the complete absence of probable cause and with malice in causing Plaintiff to be arrested and jailed for a crime he did not commit.

41.   Plaintiff's seizure and prosecution terminated in his favor when all charges were dismissed as a reflection of the merits of the charges.

42.   Plaintiff suffered significant damages as a result, including the extended loss of liberty.

43.   Under the facts and circumstances alleged herein, no objectively reasonable law enforcement officer could have believed that Plaintiff could be arrested under these circumstances.

## COUNT II
### *False Imprisonment, False Arrest, and/or Malicious Prosecution under state law*

44.   Quinn's actions caused Plaintiff to be arrested and prosecuted without any justification whatsoever.

45.    Quinn acted with actual malice because he knew there was absolutely no evidence against Plaintiff, and because he hid the fact that Plaintiff showed up to pick up the children.

46.    Plaintiff was harmed by being jailed and prosecuted for something that he did not do based on Quinn's conduct.

## COUNT III
### *Open Records Act Violations*

47.    The Georgia Open Records Act grants a right to the public to inspect and copy public records that are prepared, maintained, and received in the course of operation of a public office or agency. O.C.G.A. § 50-18-70(a)-(b).

48.    The City of South Fulton is a Georgia municipality and is therefore subject to the requirements of the Open Records Act under O.C.G.A. § 50-18- 70(b). Plaintiff is an individual entitled to enforce the Georgia Open Records Act under O.C.G.A. § 50-18-73(a).

49.    Plaintiff requested public records as defined in O.C.G.A. § 50-18-70(a), from the South Fulton Police Department on repeat occasions.

50.    South Fulton's decision to withhold and lie about responsive records violated the Georgia Open Records Act.

51.     South Fulton failed and refused to provide access to records not subject to exemption within the required time limits, frustrated access to records, and/or negligently failed to produce requested records as required.

52.     Plaintiff seeks statutory penalties, attorney fees, and an order that South Fulton produce all withheld records.

## COUNT IV
### *Punitive Damages*

53.     Defendants acted with conscious indifference or reckless disregard for the consequences of their actions, such that an award of punitive damages is authorized under state and federal law.

## COUNT V
### *Attorney Fees*

54.     Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense through the events giving rise to this action as well as in Defendants' course of conduct in this litigation

55.     Plaintiff requests reasonable attorney fees and expenses associated with this litigation, and such fees and expenses are appropriate under O.C.G.A. § 13-6-11.

56.     Plaintiff is also entitled to attorney fees under 42 U.S.C. § 1988.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests this Court:

a) Hold a trial by jury on all issues so triable;

b) Award nominal, compensatory, special, and punitive damages to Plaintiff against Defendants in an amount to be proven at trial;

c) Award Plaintiff attorney fees under 42 U.S.C. § 1988 and state law;

d) Tax all costs of this action against Defendants; and

e) Award any additional or alternative legal or equitable relief that is just and appropriate.

Respectfully submitted, this 13th day of January, 2026.

/s/Zack Greenamyre
Zack Greenamyre
Georgia Bar No. 293002
/s/Samantha Funt
Samantha Funt
Georgia Bar No. 943783

MITCHELL SHAPIRO GREENAMYRE & FUNT, LLP
881 Piedmont Avenue
Atlanta, Georgia 30309
Phone: 404-812-4747
Fax: 404-812-4740
zack@mitchellshapiro.com
samantha@mitchellshapiro.com